FRANCIS SWIFT, APPELLANT AND RESPONDENT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENT, AND THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, APPELLANT.

*City of New York — not liable on contracts of the police department, made under chapter 677 of 1872 and chapter 335 of 1873.*

The city of New York is not liable on contracts for removing garbage or sweeping the streets, made by the police department under chapter 677 of 1872, as amended by section 67 of chapter 335 of 1873.

APPEAL by the plaintiff from a judgment dismissing the complaint as against the defendant, the Mayor of the city of New York, and by the defendant, the Police Department, from a judgment in favor of the plaintiff against it.

The action was brought to recover the amount due to the plaintiff, under a contract for furnishing boats to remove the garbage and street cleanings from the limits of the city.

*William Hildreth Field,* for the plaintiff, appellant and respondent.

——— ———, for the Police Department, appellant.

*Francis Lynde Stetson,* for the city, respondent.

BRADY, P. J.:

In March, 1874, the police department employed the plaintiff to furnish boats to remove the garbage, etc., from the city, the

product in part of cleaning the streets, and agreed to pay the plaintiff at the rate of $800 per month during the time such service should be rendered.

In 1873 the department had invited proposals for removing garbage from the city, and the plaintiff was one of the bidders. He offered to do the work for $10,000 per year. These bids were, however, all rejected, and new proposals were invited and received, which do not seem to have been acted upon. A written contract appears to have been directed, but never completed, and the work, therefore, for which the plaintiff seeks to recover in this action was verbally authorized, although it was the same as that for which the bids had been invited. From the testimony it would seem that this mode of accomplishing the object in view was an experimental one, the plaintiff being employed in such a way that the arrangement between him and the department could be concluded at once, at-the option of the latter. As the continuance of a contract, such as was made verbally between the plaintiff and the police department, might involve the expenditure of more than $1,000, the counsel for the defendant insisted that it was a violation of that provision in the charter of 1873, section 91 (ch. 335), which prohibited the expenditure of more than $1,000, except under a contract made in accordance with the requirements of that statute, and on the trial insisted upon the right of going to the jury, upon the question whether the contract made was not a cover to avoid the effect of the $1,000 restriction.

The main question, however, presented on this appeal, is whether the city of New York is liable for the plaintiff's claim. The act of 1872, chapter 677 of the Laws of that year (amended by the charter of 1873, ch. 335, section 67), provides that the board of police shall have full exclusive power and authority to discharge the duty of causing all the streets, piers and slips in this city to be thoroughly cleaned and kept at all times, and to remove from the city daily, and as often as may be necessary, all ashes, garbage, etc., and the sums necessary for the purposes are by law to be appropriated, and to be subject to the order and requisition of the board of police upon the finance department, in the mode prescribed by law.

It is also, by statute, declared to be the duty of the police

department to pay all claims and demands, which may arise in the performance of the exclusive duty thus imposed upon them.

We entertain no doubt that under these circumstances, in accordance with well settled rules in reference to the liability of the municipality, that the city of New York is not responsible for any contract made by the police department for the cleaning of the streets, or the removal of garbage, and that the police department being specially charged by law with that duty, and being provided with the necessary funds to meet the expenses to be incurred, is liable. (*New York Balance Dock Co.* v. *Mayor*, 8 Hun, 247; *Maximilian* v. *The Mayor*, 2 id., 263.)

We do not think that the other defendants can avail themselves of the omission to obtain the certificate of the necessity of the expenditure under consideration, prior to making the contract, which was made, as would seem to be required by the charter of 1873, section 92, because that point was not made upon the trial, and it is too late to present it for the first time on the appeal. *Non-constat*, but that if it had been taken in the court below it might have been obviated.

For these reasons the judgments are affirmed, without costs to either party.

INGALLS, J., concurred.

Present — BRADY, P. J., and INGALLS, J.

Ordered accordingly.